# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN LUJIAN<br>TECHNOLOGY CO., LTD.;<br><br><br>Defendant. | § § § § § § § § § § § § § § | Case No. 2:21-cv-00397-JRG<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF WHIRLPOOL CORPORATION'S MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE AND EXTENSION OF TIME TO SERVE

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 2

FACTUAL BACKGROUND ............................................................................................. 2

LEGAL STANDARD ......................................................................................................... 3

I.     Federal Rule of Civil Procedure 4. ........................................................................ 3

II.    The Hague Convention. .......................................................................................... 4

III.   Constitutional Due Process. ................................................................................... 4

ARGUMENT ...................................................................................................................... 5

I.     Defendant's Address is Unknown and the Hague Convention does not Apply ..... 5

II.    Email Service is Justified and Comports with Due Process ................................... 6

III.   The Court Should Grant Additional time to Effect Service. .................................. 8

CONCLUSION ................................................................................................................... 8

## INTRODUCTION

This is an action for patent infringement relating to the offers for sale and sales of patent infringing refrigerator water filters through the website www.ourfilters.com. Through this website, Defendant offers to sell and sells patent infringing refrigerator water filters, which Defendant distributes throughout the United States through a network of domestic warehouses and shipping agents. Defendant, like many other sellers of infringing filters, makes a conscious effort to obfuscate its identity and location in an effort to avoid being brought to justice. Even despite Whirlpool's investigation of the Chinese address listed on Defendant's website, Defendant's true whereabouts remain unknown. Whirlpool is therefore unable to serve Defendant through traditional means and asks the Court for leave to effect alternative service on Defendant. Whirlpool also respectfully asks that the Court grant it additional time to effect service.

## FACTUAL BACKGROUND

In this case, Whirlpool seeks to stop the infringing activities that are being perpetrated through the website www.ourfilters.com. As of at least August 16, 2021, the www.ourfilters.com website's "Contact Us" page identified the company, "Shenzhen Lujian Technology Co., Ltd.," (hereinafter, "Shenzhen Lujian") which Whirlpool has named as the Defendant to this proceeding. (Dkt # 1-7). Since that time, however, any reference to Shenzhen Lujian has been removed from the website, which suggests Defendant is attempting to obscure its identity. (*See* "Contact Us" page dated 11/08/2021, attached as Exhibit A).

The "Contact Us" page also identifies a physical address in China: "2004, Block B, Xinzhou Building, Xinzhou Garden, Xinzhou South Road, Shatou Street, Futian District, Shenzhen, Guangdong Province, China" ("the Premises") (Dkt # 1-7). Whirlpool investigated this address and engaged counsel in China to facilitate the investigation. Chinese counsel in turn engaged a local investigator. (Declaration of Wang Zhonghua, attached as Exhibit C, at ¶ 2).

On October 17, 2021, the investigator personally reported to the Premises. (Exhibit C at ¶ 3). Although the Our Filters website lists the unit or room number "2004," no unit marked "2004" exists at the Premises. (Exhibit C at ¶ 3). The investigator did locate a unit marked "2003," as well as an unmarked unit adjacent to it. (Exhibit C at ¶ 4). The investigator knocked on the door of the unmarked unit and no one answered. (Exhibit C at ¶ 4). The investigator then personally spoke with the occupants of unit 2003. (Exhibit C at ¶ 5). The occupants of that unit reported they were unaware of whether any company exists in the adjacent unit, and they were unfamiliar with a company named "Shenzhen Lujian Technology Co., Ltd." (Exhibit C at ¶ 5).

Thus, despite Whirlpool's investigation, Defendant's true address is unknown. Defendant therefore asks the Court for assistance with facilitating service on Defendant.

## LEGAL STANDARD

Service of foreign defendants is governed by three sets of standards: (1) the federal rules of civil procedure, (2) international agreements such as the Hague Convention, and (3) the due process protections provided by the Constitution. Whirlpool discusses each of these standards in turn.

## I.     Federal Rule of Civil Procedure 4.

Federal Rule of Civil Procedure 4 governs service of process. Rule 4(f), "Serving an Individual in a Foreign Country," governs service on defendants located outside the United States. Rule 4(f) states that unless federal law provides otherwise, a foreign defendant may be served (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those means authorized by the Hague Convention; (2) if there is no internationally agreed means, by one of several methods outlined by the Rule which is "reasonably calculated to give notice;" or (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f). Thus, so long as a means of service is not prohibited by international agreement, Rule

4(f)(3) affords district courts considerable discretion in ordering alternative service. *In re OnePlus Technology (Shenzhen) Co., Ltd.*, 2021-165, 2021 WL 4130643, at *4 (Fed. Cir. Sept. 10, 2021) (noting district courts are afforded "broad discretion" in determining whether to grant relief under Rule 4(f)(3)). When submitting an application for leave to effect alternative service under Rule 4(f)(3), a party need not attempt "every permissible means of service of process before petitioning the court for alternative relief," but must only "demonstrate that the facts and circumstances of the [case] necessitate[] the district court's intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002); *In re OnePlus Technology*, 2021 WL 4130643, at *3 (affirming district court's authorization of alternative service means under Rule 4(f)(3) on the basis that Hague Convention service is more cumbersome than informal means of service, and noting delay and expense are "factors that legitimately bear on whether to issue an order for alternative service.").

## II.   **The Hague Convention.**

The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("the Hague Convention") is an international treaty intended to provide litigants a means for service of legal documents on individuals who reside in another country. Importantly for this case, the Hague Convention does not apply if the address of the person to be served is not known. 20 U.S.T. 361, T.I.A.S. 6638, Art. 1; *see RPost Holdings, Inc. v. Kagan*, No. 2:11-cv-238-JRG, 2012 WL 194388, at *1 (E.D. Tex. Jan. 23, 2012) (noting the Hague Convention does not apply where the defendant's address is not known).

## III.   **Constitutional Due Process.**

Due process requires that notice be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Affinity Labs of Texas, LLC v. Nissan North Am., Inc.*, No. WA:13-cv-369, 2014

WL 11342502, at *3 (W.D. Tex. July 2, 2014) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "Due process is satisfied when efforts at giving notice provide fundamental fairness by exhibiting a reasonable probability of actual notice." *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-cv-00597, 2020 WL 3270832, at *3 (W.D. Tex. June 17, 2020) (citing *Mullane*, 339 U.S. at 314).

## ARGUMENT

The Hague Convention applies only where the address of the person to be served is known. Despite Whirlpool's investigation in this case, Defendant's address is not known. The Hague Convention therefore does not apply. What is known, however, is that Defendant peddles infringing water filters throughout the United States through the use of its website, and it lists a contact email address on that website. Serving Defendant through the website email address is therefore reasonably calculated to give Defendant actual notice of this lawsuit, and the Court should authorize alternative service on the terms proposed herein. The Court should also grant Whirlpool an extension of time to serve Defendant through alternative means.

## I.      Defendant's Address is Unknown and the Hague Convention does not Apply.

As this Court has recognized, the Hague Convention does not apply where the address of the person to be served is not known. *Whirlpool Corp. v. YiHangGou Trading Co., Ltd.*, No. 2:20-cv-00341-JRG-RSP, 2021 WL 1837544, at *2 (E.D. Tex. May 7, 2021) ("'The Hague Convention shall not apply where the address of the person to be served with the document is not known.'") (quoting *RPost Holdings, Inc. v. Kagan*, No. 2:11-cv-238-JRG, 2012 WL 194388, at *1 (E.D. Tex. Jan. 23, 2012)); 20 U.S.T. 361, T.I.A.S. 6638, Art. 1.

Defendant, like so many other infringers Whirlpool has encountered, appears to make a conscious effort to obscure its identity and whereabouts. The www.ourfilters.com website formerly listed the company Shenzhen Lujian Technology Co., Ltd. But recently, any reference to

Shenzhen Lujian has suspiciously been removed from the website, which suggests Defendant is likely already aware of this lawsuit (or at least, is aware of Whirlpool's patent enforcement efforts) and is trying to obscure its identity. And despite Whirlpool engaging local counsel in China to conduct an on-site investigation, Defendant's address remains unknown. The Hague Convention therefore does not apply and the Court should authorize alternative service. *See YiHangGou Trading Co.*, 2021 WL 1837544, at *2 (finding Hague Convention inapplicable where defendants' addresses were not known); *In re OnePlus Technology*, 2021 WL 4130643, at *3—*4 (affirming district court's order granting alternative service where Hague Convention service would be more cumbersome than informal means of service).

## II.    Email Service is Justified and Comports with Due Process.

Because the Hague Convention does not apply, the Court should authorize service of process through alternative means. This Court has granted requests for alternative service in similar cases in which defendants' addresses are not known, including in a recent water filter patent infringement lawsuit that involved websites similar to the one at issue here. *See, e.g., YiHangGou Trading Co.*, 2021 WL 1837544, at *3 (granting leave to effect alternative service by, among other things, email); *RPost Holdings*, 2012 WL 194388, at *2—3 (granting request for alternative service on defendant via email and on defendant's counsel via email and mail); *see also UNM Rainforest Innovations v. D-Link Corp.*, No. 6-20-cv-00143, 2020 WL 3965015, at *3 (W.D. Tex. July 13, 2020) (granting request for alternative service by mail on foreign defendant); *Terrestrial Comms LLC*, 2020 WL 3270832, at *4 (granting request for alternative service on foreign defendant's U.S. counsel even where U.S. counsel was not authorized by defendant to accept service on its behalf); *Fabro v. Balke*, No. 19-cv-5764, 2020 WL 3525692 at *3—4 (E.D.N.Y. June 29, 2020) (granting request for alternative service on foreign defendant by email and mail); *Chanel, Inc. v. Song Xu*, No. 2:09-cv-02610, 2010 WL 396357, at *4—5 (W.D. Tenn. Jan. 27,

2010) (granting request for alternative service by email on foreign defendants where defendants' addresses were not known).

Whirlpool submits that service by email is appropriate under the circumstances of this case. To satisfy due process, the method of service "'must be such as one desirous of actually informing the absentee. . . . The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected.'" *Terrestrial Comms LLC*, 2020 WL 3270832, at *4 (quoting *Mullane*, 399 U.S. at 315). Service by email satisfies this requirement.

Defendant sells the accused products at issue through the website www.ourfilters.com. Defendant uses this website to do business in, and distribute products throughout, the United States. The website itself states on the "About Us" page that "Founded by Jonathan, Ourfilters' main goal is to provide clean, healthy water to every American family." (About Us page, attached as Exhibit B). Thus, in its own words, Defendant uses the Our Filters website to offer for sale and sell the infringing filters throughout the United States. Serving Defendant by email through the website is therefore clearly a reasonable means of service under the circumstances.

The Our Filters website lists a support email address for consumer questions or concerns (support@ourfilters.com). (Exhibit A). Because Defendant is actively engaged in selling products through the website (including the infringing filters at issue in this litigation), it is reasonably expected that Defendant is monitoring the support email inbox regularly to facilitate sales. Service by email at the email address listed on the website therefore provides a "reasonable probability" of providing actual notice to Defendant. *See YiHangGou Trading Co.*, 2021 WL 1837544, at *3 (finding service by email would provide defendants with adequate notice of lawsuit where defendants operated websites similar to the one at issue here); *Terrestrial Comms LLC*, 2020 WL 3270832, at *4 (citing *Mullane*, 339 U.S. at 317–18).

### III.     The Court Should Grant Additional time to Effect Service.

Rule 4(m) provides a 90-day deadline after the filing of the complaint for service of process on domestic defendants. Fed. R. Civ. P. 4(m). Rule 4(m) does not apply to service in a foreign country under Rule 4(f), which is what Whirlpool is requesting here. In cases of foreign defendants, the Fifth Circuit has adopted a "flexible due diligence" standard for the timeliness of service of foreign defendants. *Lozano v. Bosdet*, 693 F.3d 485, 490 (5th Cir. 2012).

In view of this standard, Whirlpool respectfully requests that the Court grant Whirlpool 14 days to serve Defendant following an order granting leave to effect alternative service.

### CONCLUSION

For the foregoing reasons, Whirlpool respectfully requests the following relief:

1.    The Court GRANT Whirlpool leave to effect alternative service upon Defendant by email to the address support@ourfilters.com.

2.    The Court GRANT Whirlpool an extension, up to and including 14 days following entry of the Court's order on this motion, by which to complete service on Defendant on the terms identified in paragraph 1.

Dated: November 8, 2021                              Respectfully submitted,

By: */s/ Melissa R. Smith*
Melissa R. Smith (*TX State Bar No. 24001351*)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
Email:  Melissa@gillamsmithlaw.com

Jeffrey D. Harty (IA AT0003357)
(Admitted Eastern District of Texas)
Ryan Stefani (IA AT00012387)
(Admitted in the Eastern District of Texas)
NYEMASTER GOODE, P.C.
700 Walnut Street, Ste. 1600
Des Moines, IA 50309-3899

Telephone: (515) 283-3100
Facsimile:  (515) 283-3108
Email:   jharty@nyemaster.com
Email   rstefani@nyemaster.com

**Attorneys for Plaintiff**
**WHIRLPOOL CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that counsel for Defendant has not appeared in this matter thus Plaintiff is seeking leave for alternative service by email on this 8th day of November, 2021.

*/s/ Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF CONFERENCE

Defendant has not appeared in this matter therefore this Motion is being filed as unopposed.

*/s/ Melissa R. Smith*