IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, | § § § § § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO.  2:21-CV-00397-JRG |
| SHENZHEN LUJIAN TECHNOLOGY CO., LTD., | § § § § | |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Whirlpool Corporation's ("Whirlpool") Motion for Leave to Effect Alternative Service and Extension of Time to Serve (the "Motion").  (Dkt. No. 4).  Having considered the Motion and accompany exhibits and declarations and for the reasons set forth herein, the Court finds that the Motion should be **GRANTED**.

## I.    BACKGROUND

On October 25, 2021, Whirlpool filed the present suit against Defendant Shenzhen Lujian Technology Co., Ltd. ("Defendant").  (Dkt. No. 1).  Whirlpool's Complaint puts for allegations of patent infringement relating to the offers for sale and sales of patent infringing refrigerator water filters through the Defendant's website www.ourfilters.com ("ourfilters website").  (Dkt. No. 4 at 1).  Specifically, Whirlpool alleges that Defendant owns and operates the ourfilters website, which offers for sale and sells, in the United States, non-genuine Whirlpool replacement water filters that infringe one or more of U.S. Patent Nos. 7,000,894, 8,356,716, 8,591,736, 8,845,896, 9,937,451, and 10,010,820.  (Dkt. No. 1 ¶¶ 1–2, 5–10).

The "Contact Us" page on the ourfilters website identifies a physical address in China: "2004, Block B, Xinzhou Building, Xinzhou Garden, Xinzhou South Road, Shatou Street, Futian

District, Shenzhen, Guangdong Province, China" (the "Premises").  (Dkt. No. 1-7).  Whirlpool

engaged local counsel and an investigator in China to investigate Defendant and the Premises.

(Dkt. No. 4-3).  On October 17, 2021, said investigator personally appeared at the Premises.  (Dkt.

No. 4-3 ¶ 3).  The investigator found that no unit marked "2004" exists at the Premises.  (*Id.*).  The

investigator did locate a unit marked "2003," as well as an unmarked unit adjacent to it.  (*Id.* ¶ 4).

The investigator knocked on the door of the unmarked unit and no one answered. (*Id.*). The

investigator then personally spoke with the occupants of unit 2003. (*Id.* ¶ 5).  The occupants of

that unit reported they were unaware of whether any company exists in the adjacent unit, and they

were unfamiliar with a company named "Shenzhen Lujian Technology Co., Ltd." (*Id.*).  In light of

the aforementioned facts, Whirlpool argues that Defendant's address is unknown and seeks to

serve Defendant by alternative means.

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure state that a foreign corporation served outside the

United States must be served "in any manner prescribed by Rule 4(f) for serving an individual,

except personal delivery under (f)(2)(C)(i)."  Fed. R. Civ. P. 4(h)(2).  Fed. R. Civ. P. 4 (f) provides

that an individual in a foreign country may be served as follows:

> (1) by any internationally agreed means of service that is reasonably calculated to
> give notice, such as those authorized by the Hague Convention on the Service
> Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement
> allows but does not specify other means, by a method that is reasonably calculated
> to give notice:
>> (A) as prescribed by the foreign country's law for service in that country in
>> an action in its courts of general jurisdiction;
>> (B) as the foreign authority directs in response to a letter rogatory or letter
>> of request; or
>> (C) unless prohibited by the foreign country's law, by:
>>> (i) delivering a copy of the summons and of the complaint to the
>>> individual personally; or
>>> (ii) using any form of mail that the clerk addresses and sends to the
>>> individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Here, Defendant is believed to be Chinese, and China is a signatory to the Hague

Convention.  *See* HCCH Members, https://www.hcch.net/en/states/hcch-members.

## III.   DISCUSSION

### A.   Alternative Service

Whirlpool argues it should be permitted to serve Defendant via electronic mail because (1)

the Hague Convention does not apply and (2) the requested alternative service method comports

with both Rule 4(f)(3) and Due Process.

### 1.   Applicability of Hague Convention

The Hague Convention procedures are "mandatory if available at the place of service."

*RPost Holdings, Inc. v. Kagan*, Case No. 2:11-cv-238, 2012 WL 194388, at *1 (E.D. Tex. Jan. 23,

2012) (quoting *Gramercy Ins. Co. v. Kavanagh*, Case No. 3:10-cv-1254, 2011 WL 1791241, at *1

(N.D. Tex. May 10, 2011).  "'[The Hague] Convention shall not apply where the address of the

person to be served with the document is not known.'"  *RPost*, 2012 WL 194388 at *1 (quoting

*Gramercy*, 2011 WL 1791241 at *1).  Based on the evidence presented by Whirlpool, Defendant

has purposefully obfuscated their physical location and identities.  Dkt. No. 4 at 5–6.  Despite

Whirlpool's reasonable efforts, Defendant's address remains unknown.  *Id.*  Whirlpool cannot

serve Defendant according to the Hague Convention because it cannot be found and is not located

at its listed address.  *Id.*  Based on all the evidence presented by Whirlpool, the Court finds that

Whirlpool has expended material efforts to comply with the Hague Convention.  Whirlpool tried

to identify the operators of the ourfilters website as well as locate Defendant's physical address,

all in an effort serve Defendant as the Hague would require.  However, Whirlpool's efforts have

not borne fruit.  *See generally* Dkt. No. 4-3.  Nothing before the Court disputes or challenges that

Defendant's actual location remains unknown.  The Court finds that under these facts, the Hague

Convention is inapplicable and service of process under Rules 4(f)(3) and h(2) is not prohibited by international agreement.

## 2.      Reasonableness of Alternative Method of Service

An effective service of process, through Rule 4(f)(3), must be consistent with procedural due process. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). Due process requires that the notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. Again, despite serious efforts by Whirlpool, it has not been able to locate the operators of the ourfilters website. This leaves the only identifiable means of contacting Defendant through the identified actively monitored electronic mail address. Dkt. No. 4 at 6–7. Whirlpool identified an electronic mail address it argues is being monitored by Defendant. *See* Dkt. No. 4-1 ("Generally, we will reply to your email within 1 business day."). Serving Defendant through an actively monitored electronic mail address will provide adequate notice of the suit. The Court finds that service on the monitored ourfilters website's electronic mail address is an appropriate means for notifying Defendant of this action. Indeed, it appears the electronic mail address may be the only method to effect service. While the Court is cognizant of Defendant's due process rights, the limited number of options left to effect service are limited because of Defendant's conduct, not Whirlpool's. Requiring Whirlpool to undertake additional investigations to further attempt ordinary service would considerably increase delay and expense. *See In re OnePlus Tech. (Shenzhen) Co., Ltd.*, Appeal No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021); *SIMO Holdings, Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, Case No. 2:20-cv-003, 2021 WL 3493168, at *3 (E.D. Tex. Mar. 16, 2021). Additionally, "Rule 4(f)(3) is

not a 'last resort' or a type of 'extraordinary relief' for a plaintiff seeking to serve process on a foreign defendant." *OnePlus Tech. (Shenzhen) Co., Ltd.*, 2021 WL 4130643 at *3.

### B.      Extension of Time to Serve Defendant

For cases involving foreign defendants, the Fifth Circuit has adopted a "flexible due diligence" standard for timeliness. *See Lozano v. Bosdet*, 693 F.3d 485, 490 (5th Cir. 2012).  Under that standard, the Court finds that it is appropriate to give Whirlpool fourteen (14) days following the entry of this Order to effect alternative service on Defendant.

## IV.      CONCLUSION AND ORDER

In view of the numerous factors suggesting that service by electronic mail is the most likely method of providing actual and meaningful notice to Defendant, the Motion is **GRANTED**. Accordingly, it is **ORDERED** that Whirlpool serve Defendant by effecting alternative service through the monitored support@ourfilters.com electronic mail address.  The electronic mail sent for this purpose must include the same information that would be delivered if traditional in-person delivery were possible.  Upon completion of such alternative service, Whirlpool shall file a Notice supported by a clear personal declaration as to the completion of such alternative service, together with a copy of the electronic mail as sent and such supporting receipts and/or other relevant documents, all of which shall make clear the ways and means—together with the effective date— of such service upon Defendant.  Whirlpool is **GRANTED** fourteen (14) days following the entry of this Order to effect alternative service on Defendant and file the subsequent Notice required herein.

**So ORDERED and SIGNED this 2nd day of February, 2022.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE