IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, | § § § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | CIVIL ACTION NO.  2:21-CV-00397-JRG |
| SHENZHEN LUJIAN TECHNOLOGY CO., LTD., | | |
| *Defendant*. | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Whirlpool Corporation's ("Whirlpool") Motion for Default Judgment and Permanent Injunction (the "Motion"). (Dkt. No. 13). Having considered the Motion and accompany exhibits and declarations and for the reasons set forth herein, the Court finds that the Motion should be **GRANTED**.

**I.    BACKGROUND**

On October 25, 2021, Whirlpool filed the present suit against Defendant Shenzhen Lujian Technology Co., Ltd. ("Defendant"). (Dkt. No. 1). Whirlpool's Complaint puts forth allegations of patent infringement relating to the offers for sale and sales of patent infringing refrigerator water filters through the Defendant's website www.ourfilters.com ("ourfilters website"). (Dkt. No. 4 at 1). Specifically, Whirlpool alleges that Defendant owns and operates the ourfilters website, which offers for sale and sells, in the United States, non-genuine Whirlpool replacement water filters that infringe one or more of U.S. Patent Nos. 7,000,894, 8,356,716, 8,591,736, 8,845,896, 9,937,451, and 10,010,820. (Dkt. No. 1 ¶¶ 1–2, 5–10).

The "Contact Us" page on the ourfilters website identifies a physical address in China: "2004, Block B, Xinzhou Building, Xinzhou Garden, Xinzhou South Road, Shatou Street, Futian

District, Shenzhen, Guangdong Province, China" (the "Premises").  (Dkt. No. 1-7).  Whirlpool engaged local counsel and an investigator in China to investigate Defendant and the Premises. (Dkt. No. 4-3).  On October 17, 2021, said investigator personally appeared at the Premises.  (Dkt. No. 4-3 ¶ 3).  The investigator found that no unit marked "2004" exists at the Premises.  (*Id.*).  The investigator did locate a unit marked "2003," as well as an unmarked unit adjacent to it.  (*Id.* ¶ 4). The investigator knocked on the door of the unmarked unit and no one answered. (*Id.*). The investigator then personally spoke with the occupants of unit 2003. (*Id.* ¶ 5).  The occupants of that unit reported they were unaware of whether any company exists in the adjacent unit, and they were unfamiliar with a company named "Shenzhen Lujian Technology Co., Ltd." (*Id.*).

In light of the aforementioned facts, Whirlpool moved to serve Defendant by alternative means given that Defendant's identity and address were unknown.  (Dkt. No. 4).  The Court granted that motion and permitted Defendant to be served via electronic mail.  (Dkt. No. 5). Whirlpool completed said service on February 10, 2022 (Dkt. No. 7), and a Clerk's default was entered against Defendant on March 4, 2022 (Dkt. No. 11).  Whirlpool now seeks entry of a default judgment and a permanent injunction against Defendant.  (Dkt. No. 13).

## II.     LEGAL STANDARD

### A.     Default Judgment

Upon entry of default by the Clerk, the Court has the discretion to enter a default judgment against a defendant. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). "Once a defendant is in default, the court accepts as true all facts set forth in the complaint aside from those relating to damages." *Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 WL 6212725 at *2 (E.D. Tex. Nov. 26, 2013) (citing *Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992)).  For the Court to enter a default judgment, a plaintiff must make a prima facie showing of jurisdiction. *See Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001).  There must be a

sufficient basis in the pleadings for any relief requested.  *See Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 496 (5th Cir. 2015).  The Court should also consider "[r]elevant factors . . . [such as] whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey*, 161 F.3d at 893.

      **B.**    **Permanent Injunction**

District Courts may enter a permanent injunction to restrain a party from patent infringement "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.  There are four findings the Court must make when deciding to issue an injunction: (1) that the plaintiff has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for the injury; (3) that, considering the balance of hardships between the parties, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

**III.**    **DISCUSSION**

      **A.**    **Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, and 1367. (Dkt. No. 1 ¶¶ 6, 7, 9, 11).  "By failing to answer the complaint, the defendants admit the wellpleaded factual allegations therein and '[are] barred from contesting on appeal the facts thus established.'" *Jones v. Lockhart, Morris & Montgomery, Inc.*, No. 1:11-cv-373-KFG, 2012 U.S. Dist. LEXIS 63293 at *7 (E.D. Tex. Feb. 2, 2012) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  Once in default, all facts in the operative

complaint are taken as true. *See Frame*, 967 F.2d at 205. This Court has personal jurisdiction over Defendant because Defendant or its domestic shipping agents have shipped accused products in this matter to consumers in the State of Texas, including to consumers in the Eastern District of Texas. (Dkt. No. 1 ¶¶ 6, 7, 9, 11). This Court is the proper venue for this action because Defendant is not residents in the United States, thus, suit could have been brought in any judicial district. 28 U.S.C. § 1391(b)(3). Defendant has been properly served with the summons and operative complaint and have failed to plead or otherwise defend within the time required by the Federal Rules of Civil Procedure. (Dkt. Nos. 5, 6, 7).

### B.  Default Judgment

The grounds for default judgment against Defendant has been clearly established. There is no evidence that Defendant's default was caused by good faith mistake or excusable neglect and no showing that that substantial prejudice or undue harshness would result from a default judgment. *Lindsey*, 161 F.3d at 893. Default Judgement is appropriate against the Defendant. There are no material facts that preclude entry of default judgment. Whirlpool has properly issued summons and served the Defendant. (*See* Dkt. Nos. 5, 6, 7). Whirlpool has pleaded its claim of patent infringement with sufficient specificity to warrant entry of default judgment. (Dkt. No. 1 ¶¶ 20–96; Dkt. No. 13 at 12–13). With respect to any prejudice to the Defendant or harshness in entering default, Defendant's failure to appear, or otherwise answer, in the matter significantly weighs in favor of entering default judgment. Defendant has received ample notice and time to respond to Whirlpool's complaint; and has not done so. The prejudice to Whirlpool is clearly outweighed by any prejudice or harshness of a default judgment. *See Barnett v. A S & I, LLC*, No. 3:13-cv2464-BN, 2014 WL 6884010 at *4 (N.D. Tex. Dec. 8, 2014).

As stated above, Defendant has been properly noticed and received significant time and opportunity to respond—Defendant's inaction is not the result of excusable neglect or mistake.

### C. Permanent Injunction

#### 1. Irreparable Harm

Whirlpool will suffer irreparable harm if the Defendant continues selling the accused products. Whirlpool's EveryDrop Filter 1, Filter 2, Filter 3, and ICE2 filters practice the patents-in-suit. (Dkt. No. 13 at 12; Dkt. No. 1 ¶¶ 23, 36, 43, 45, 49, 56, 57, 59, 63, 69, 71, 75, 81, 82, 84, 88, 94, 96). Whirlpool has articulated that as a result of Defendant selling the accused products Whirlpool suffered from a loss of market share and price erosion. (Dkt. No. 13 at 13–17). Whirlpool has presented sufficient evidence to show irreparable harm. *See Golden Hour Data Sys. v. emsCharts, Inc*, No. 2:06-cv-381, 2014 U.S. Dist. LEXIS 95640 at *34 (E.D. Tex. Mar. 31, 2014) ("Loss of market share and price erosion are both valid grounds for finding irreparable harm.").

#### 2. Legal Remedies

There are no adequate remedies at law. Defendant has not appeared and is a foreign entity with an unknown address and no discernable domestic assets. There is serious doubt that Whirlpool would be able to collect any damages award. *See Bianco v. Global Medical, Inc.*, No. 2:12–CV–00147–WCB, 2014 WL 1049067 at *13 n.4 (E.D. Tex. Mar. 17, 2014) (citing *Acticon Technologies v. Heisei Electronics Co.*, No. 06–CV–4316 (KMK), 2008 WL 356872 (S.D.N.Y. Feb. 5, 2008) (noting that because a defendant defaulted, damages were difficult to ascertain and there was serious doubt as to whether the plaintiff could collect a damages award)).

#### 3. Balance of Hardships

The balance of hardships strongly weighs in favor of granting a permanent injunction. Allowing Defendant to continue selling infringing products will continue to significantly diminish Whirlpool's market share and erode prices. In contrast, there are no discernable hardships to the Defendant. Any hardships related to costs or expenses incurred by engaging in the business of

manufacturing infringing goods should be disregarded.  *See i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 863 (Fed. Cir. 2010) (holding that the infringing party's expenses in creating the infringing products, consequences such as redesign costs, or loss of the opportunity for further commercial success should be ignored).

### 4. Public Interest

Public interest "is best served by enforcing patents that are likely valid and infringed." *Apple, Inc. v. Samsung Electronics Co., Ltd.,* 678 F.3d 1314, 1338 (Fed. Cir. 2012).  Accordingly, this factor weighs in favor of granting a permanent injunction

## D. Costs and Fees

Whirlpool has moved the Court for attorney's fees under 35 U.S.C. § 285 and for costs under Fed. R. Civ. P. 54(d)(1).  (Dkt. No. 13 at 19–20).  Given that all allegations are taken as true, Defendant has admitted that their infringement is willful.  (Dkt. No. 1 ¶¶ 32, 43, 45, 57, 59, 69, 71, 82, 84, 94).  Attorney's fees may be given in circumstances where the infringement is willful.  In support of its request for attorney's fees, Whirlpool submitted the declaration of Jeffrey D. Harty, wherein he requests $9,341.00.  (Dkt. No. 13-4).  The Court finds this to be reasonable under the circumstances.  Given Whirlpool will be considered the prevailing party in this suit, an award of costs is appropriate.  *See Power-One, Inc. v. Artesyn Technologies, Inc.*, No. 2:05-cv-463, 2008 WL 4065871 at *3–*4 (E.D. Tex. Aug. 27, 2008).

## IV. CONCLUSION

For the reasons stated herein, Whirlpool's Motion is **GRANTED**.  A default judgment and permanent injunction as set forth herein will be entered.

**So ORDERED and SIGNED this 2nd day of June, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE